Kathryn J. Halford (State Bar No. 68141)
kjhalford@wkclegal.com
Elizabeth Rosenfeld (State Bar No. 106577)
erosnefeld@wkclegal.com
**WOHLNER KAPLON CUTLER**
**HALFORD & ROSENFELD**
16501 Ventura Boulevard, Suite 304
Encino, CA  91436
Telephone: (818) 501-8030 ext. 331
Facsimile: (818) 501-5306

Attorneys for Plaintiff the
Teamsters Multi-Benefit Trust Fund

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## Western Division

| | |
|---|---|
| TEAMSTERS MULTI-BENEFIT TRUST FUND,<br><br>                      Plaintiff,<br><br>vs.<br><br>CALIFORNIA OFFSET PRINTERS, INC., aka COP COMMUNICATIONS, a California corporation,<br><br>                      Defendant. | CASE NO.<br><br>COMPLAINT FOR BREACH OF CONTRACT, DAMAGES<br><br>[29 U.S.C. §185] |

Plaintiff alleges as follows:

## **JURISDICTION**

1.     Jurisdiction is conferred upon this court by section 301(a) of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a) which grants the United States District Court original jurisdiction over this case as a suit for violation of contract between the employer and labor organization in an industry affecting commerce.

## VENUE

2. In accordance with section LMRA § 301(a); 29 U.S.C. §185(a) venue is appropriate in the Central District of California as the place where Teamsters Multi-Benefit Trust ("TMBT") is administered, and where the contractual obligations alleged herein are to be performed.

## PARTIES

3. The TMBT is an express trust which was established pursuant to collective bargaining agreements between various employers in industries affecting commerce and the Teamsters Local Union No. 572, affiliated with the International Brotherhood of Teamsters ("Union").

4. The TMBT was created and is maintained pursuant to section LMRA §302(c)(5), 29 U.S.C. §186(c)(5) and is an "employee welfare benefit plan" within the meaning and definition of ERISA §3(1), 29 U.S.C. § 1002(1). It is a "multiemployer plan" within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A), and ERISA § 515, 29 U.S.C. § 1145. The TMBT is administered within the jurisdiction of this District.

5. TMTB is administered by a Board of Trustees ("Trustees" or "Board") and its members are fiduciaries with respect to the TMBT within the meaning of ERISA § 21(A), 29 U.S.C. § 1002(21)(A).

6. Plaintiff is informed and believes and thereon alleges that during all times relevant herein, Defendant, California Offset Printers, Inc., also known as COP Communications ("COP" or "Defendant") was and is a corporation organized and existing under and by virtue of the laws of the State of California, who principal place of business is within the County of Los Angeles.

7. This complaint is prosecuted pursuant to LMRA § 301, 29 U.S.C. §185, which creates a right of action against an employer engaged in an industry affecting commerce.

## GENERAL ALLEGATIONS

8. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 7, as fully set forth herein.

9. On or about December 1, 2014, COP entered into a written collective bargaining agreement ("Labor Agreement") with the Union, whereby the Defendant agreed to make contributions to the TMBT on behalf of its employees performing work covered by the Labor Agreement. A true and correct copy of relevant portions of the Labor Agreement is attached hereto and incorporated herein as Exhibit "1." During all times relevant herein the Labor Agreement was in full force and effect.

10. At the time Defendant executed the Labor Agreement, Defendant also executed a Trust Acceptance and Contract Data form ("Trust Acceptance"), whereby Defendant became bound to the terms and conditions of the restated Agreement and Declaration of Trust establishing the TMBT ("Trust Agreement") and agreed to pay contributions at specified rates to the TMBT on behalf of employees performing work covered by the Labor Agreement. A true and correct copy of the Trust Acceptance executed by Defendant is attached hereto and incorporated herein by this reference as Exhibit "2". The Labor Agreement and Trust Agreement are collectively referred to as "Agreements".

11. The Agreements require each employer to submit reports and pay contributions to the TMBT on behalf of all covered employees on or before the twentieth (20th) day of the month preceding the month of coverage. Reports and contributions are delinquent if not received or postmarked by the tenth day (10th) day of the month for which coverage is provided.

12. At all times mentioned herein, it was and now is impracticable and extremely difficult to fix the amount of actual damage to the TMBT as a result of nonpayment of contributions. The amount agreed upon in the Trust Agreement, as and for liquidated damages, has represented and now represents a reasonable

endeavor to ascertain and compensate for the damages caused to the TMBT by the nonpayment of contributions and/or failure of an employer to timely submit contributions to the TMBT. The Trust Agreement sets the amount assessed as and for liquidated damages, and not as a penalty, at 10 percent (10%) of the delinquent contributions.

13. The Agreements further provide that, if an employer is delinquent with submission of reports and/or contributions, an employer must pay interest on the delinquent contributions at the rate of ten percent (10%) per annum, and any attorney fees and costs incurred by the TMBT for collection and/or enforcement.

14. At all times relevant herein, the Agreements have been in full force and effect.

## CLAIM FOR RELIEF

**(Breach of Contract)**

15. Plaintiff is informed and believes and upon that basis alleges that at all times relevant herein Defendant employed workers covered by the provisions of the Labor Agreement for whom contributions were required to be paid to the TMBT.

16. Defendant failed to timely report and pay contributions to the TMBT for the months of December 2015 through June 2016. As a result of Defendant's delinquent payment of contributions, the TMBT assessed liquidated damages, together with interest on the unpaid contributions.

17. Defendant appealed to the Trustees for a waiver of the assessed liquidated damages and interest, which appeal was considered by the Trustees at their regular meeting conducted in April 2017. The Board agreed to a waiver of the assessed liquidated damages, conditioned upon Defendant's agreement to remain delinquency free for a period of twelve months from notice of the Board's decision which notice was sent in April 2017.

18. Thereafter, Defendant violated the conditions for wavier of the liquidated damages by failing to timely report and pay contributions for the months of March and April 2018 in the amount $21,129.67. The Trust assessed liquidated damages in the amount of $2,112.96, as and for liquidated damages, and not as a penalty, on delinquent contributions for the months of March and April 2018.

19. As a result of Defendant's failure to timely report and pay contributions for the months of March and April 2018, interest accrued at the rate of 10 percent (10%) per annum on the late paid contributions from the dates due until paid, in the amount of $109.97.

20. Because Defendant violated the conditions for waiver of the assessed liquidated damages for the period of December 2015 through June 2016, in addition to the liquidated damages and interest assessed for March and April 2018, Plaintiff demanded payment of the liquidated damages in the amount of $15,093.22 that had been conditionally waived. Despite demand, the liquidated damages and interest remain due and owing.

21. Plaintiff is informed and believes and upon that basis alleges that Defendant breached its obligation under the Agreements by failing to timely pay contributions and by failing to pay liquidated damages as well as accrued interest assessed upon delinquent contributions to the TMBT.

22. As a result of Defendant's failure to timely report and pay contributions, it has been necessary for the TMBT to engage the law firm of Wohlner Kaplon Cutler, Halford & Rosenfeld.

23. As a result of Defendant's breach of the Agreements, Plaintiff has been damaged in an amount equal to the amount of liquidated damages, interest, reasonable attorneys' fees and all costs incurred in enforcing the terms of the Agreements.

23. Plaintiff has complied with all conditions precedent, if any, to be performed under the terms of the Agreements.

WHEREFORE, Plaintiff prays for judgment against Defendant, California Offset Printers, Inc. also known as COP Communications, a California corporation, as follows:

1. For liquidated damages in the amount of $2,112.96, assessed on late paid contributions for the months of March and April 2018, and such additional months according to proof;

2. For liquidated damages in the amount of $15,093.22, reassessed on late paid contributions for the months of January through June 2016;

3. For payment of interest accruing at the rate of 10 percent (10%) per annum on all late paid contributions from due dates to the date of payment;

4. For reasonable attorneys' fees, including fees incurred in prosecuting this action;

5. For court costs; and

6. For such other relief as the court deems appropriate.

DATED: October 18, 2018     Kathryn J. Halford
                            Elizabeth Rosenfeld
                            WOHLNER KAPLON CUTLER
                            HALFORD & ROSENFELD

                    BY:   /s/ *Kathryn J. Halford*
                            Kathryn J. Halford
                            Attorneys for Plaintiff
                            Board of Trustees of the
                            Teamsters Multi-Benefit Trust